[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried on September 30, 1987 in Las Vegas, i Nevada. No child was born of the marriage. The plaintiff left the defendant for a short time about one year after they were married, but, after the defendant begged her to, resumed living with him. The plaintiff moved out finally on October 31, 1990 and this action was filed on November 5, 1990.
The plaintiff testified that the defendant did not like the way she cooked, that he accused her of talking with their children from an earlier marriage against him, that at times she did not exist as far as he was concerned, that he ignored her, that he had to watch porno movies before they had sex, that he did not like anything she did, that she wanted to be acknowledged and loved by him and that he did not pay any attention to her. She also testified that she left because things were not going well, that he never wanted to make love, that in his life his son, his car and his CT Page 5237 dog came first, that she wanted the marriage to last, and that she tried everything but had no power to make it work.
The defendant testified that he did not think they had any problems, that when she left she wrote a letter saying she was not getting enough attention, that he went to find her and begged her to come back, that he wanted to spend the rest of his life with her, that when she came back, they got along fine with no hint of trouble.
The plaintiff also testified that her former husband died on April 28, 1986. She went to a dating service and, as a result, met the defendant and finally in November 1986 moved in with him. Exhibit 20 shows that on December 12, 1986 she paid $322.50 for a 14 carat yellow gold 4 inch medallion with Jesus' head on it. It was on a chain and she gave it to the defendant as a gift. He never wore it. Then in March or June of last year she saw this gift on a woman who turned out to be the defendant's former wife.
The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved. The defendant was the sole cause of the breakdown. The plaintiff did not contribute to the breakdown in any way.
The marital home at 126 Richards Place in West Haven shall be put up for sale immediately and sold as soon as reasonably possible. From the net proceeds of the sale shall be deducted and paid the $8000+ liability due on the early withdrawal of an IRA and so listed on the plaintiff's Financial Affidavit. The balance of the proceeds of the sale shall be divided equally between the parties. This division will not be a windfall for the plaintiff. About one-half of the net proceeds will only be reimbursement for the monies she spent on the defendant to meet the $35,000 he was required to pay his former wife by the Judgment Decree of Judge Mihalakos dated August 21, 1987, to pay for the 1991 Land Cruiser he is now driving, and on July 30, 1987 to pay the taxes of $1,174.23 due from the defendant on the Richards Place property.
The plaintiff shall keep as her own the 1978 Lincoln automobile and the defendant shall keep as his own the 1991 Land Cruiser. Each party shall sign any documents necessary to affect this ruling.
The escrow account in the amount of $42,300 now held by the plaintiff's attorney shall be turned over to the plaintiff to be her own funds.
The defendant shall keep the Union Retirement listed on his Financial Affidavit as his own. CT Page 5238
From the testimony the court believes that most of the personal property of the plaintiff was already removed by her from the Richards Place property. The stove, refrigerator, washing machine, air conditioning unit, grill, and snow blower are found to belong to the plaintiff and may be removed by her at the time the Richards Place property is sold.
The jewelry in the safe at the Richards Place property is found to belong to the plaintiff. The defendant shall give the plaintiff access to the safe and allow her to remove the jewelry she claims at the earliest possible time convenient to both parties.
Each party shall pay the fees of their own attorney.
The defendant shall be responsible for and pay the liabilities listed on his Financial Affidavit.
The dog shall belong to the defendant.
The plaintiff may resume her maiden name of Ursula Pappas.
THOMAS J. O'SULLIVAN TRIAL REFEREE